UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10cv0458 TCM |
| | ) |
| LUMIERE PLACE CASINO & HOTELS, and ARISTOCRAT TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending in this diversity action is the opposed motion of plaintiff, Deborah Murray, to remand her product liability action to the state court from which it was removed.[1] [Doc. 11]

## Background

Plaintiff, an Illinois resident, alleges in her complaint that she was injured when, as a business invitee, she was playing a slot machine on the premises of defendant Lumiere Place Casino & Hotel ("Lumiere") that was placed there by defendant Aristocrat Technologies, Inc. ("Aristocrat"). (Comp. ¶¶ 3, 7.) She seeks damages in excess of $50,000 from each defendant.[2] (Id. at 2, 3.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Plaintiff's prayer for relief at the end of each of the two counts of her complaint, referred to as a "petition" in Missouri state courts, could not, under Mo.Rev.Stat. § 509.050.1, include a dollar amount or figure exceed that which would "determine the proper jurisdictional amount."

Lumiere, properly known as Casino One Corporation, removed the case to federal court on diversity grounds.[3] See 28 U.S.C. § 1332(a) (granting original jurisdiction to district courts in cases in which, inter alia, parties are of different states and the amount in controversy exceeds sum of $75,000) and 28 U.S.C. § 1441(b) (permitting removal of cases from state courts that could have been originally filed in district courts). In its notice of removal, Lumiere alleges, without contradiction, that it is a Mississippi corporation and Aristocrat is a Nevada corporation. Lumiere further notes that Plaintiff seeks damages in excess of $100,000.

Plaintiff moves to remand her case on the grounds that her claim is less than the jurisdictional requirement of $75,000.00. In support of this motion, she attaches the affidavit of her counsel (a) averring that he has discussed the matter with his client and (b) stipulating that Plaintiff will not seek more than $75,000 in damages. (Pl. Mtn. Ex. ¶ 2.) Lumiere counters that a remand order should require Plaintiff to stipulate, inter alia, that she irrevocably agrees that her damages are no more than $75,000 and that she will not, under any circumstances, seek more and will, if awarded more by a jury, agree to an order of remittitur reducing the verdict to $75,000.

## **Discussion**

It is well established that "[t]he burden of establishing that federal jurisdiction exists 'rests upon the party asserting jurisdiction.'" **Midland Psychiatric Assocs., Inc. v. United States**, 145 F.3d 1000, 1003 (8th Cir. 1998) (quoting Kokkonen v. Guardian Life Ins. Co.

---

[3]Aristocrat has consented to the removal.

of Am., 511 U.S. 375, 377 (1994)). Thus, if federal jurisdiction is invoked pursuant to the removal statute, 28 U.S.C. § 1441, any doubts about the propriety of that removal are to be resolved in favor of remand. **In re Prempro Prods. Liab. Litig.**, 591 F.3d 613, 620 (8th Cir. 2010); **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Business Men's Assurance Co. of America**, 992 F.2d 181, 183 (8th Cir.1993) (per curiam). "Where, as here, the complaint alleges no specific amount of damages . . ., the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." **In re: Minnesota Mut. Life Ins. Co.**, 346 F.3d 830, 834 (8th Cir. 2003); accord **In re Prempro Prods. Liab. Litig.**, 591 F.3d at 620; **Bell v. Hershey Co.**, 557 F.3d 953, 956 n.5 (8th Cir. 2009). See also **James Neff Kramper Family Farm P'ship v. IBP, Inc.**, 393 F.3d 828, 831 (8th Cir. 2005) (holding that if the amount in controversy is in question, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence[,]" "even in a removed case where the party invoking jurisdiction is the defendant") (interim quotations omitted). To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount is met." **Hill v. Ford Motor Co.**, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." **Bell**, 557 F.3d at 956.

To carry its burden, Lumiere cites to Plaintiff's prayers for relief. Plaintiff ends each of her counts, one against each defendant, with a prayer for damages in excess of $50,000 against *that* defendant. She alleges in the substantive paragraphs of her complaint that she suffered injuries and burns to her right hand, arm, and fingers; has and will continue to experience pain and suffering from these injuries; has incurred medical expenses in excess of $6,5000; and will incur medical expenses in the future.[4] The Court finds that Lumiere has carried its burden of showing, on the basis of the well-pleaded complaint, that the jurisdictional minimum has been satisfied.

On the other hand, Plaintiff's attorney stipulates that she will not seek more than $75,000 in damages.[5] Lumiere argues that Plaintiff should also be required not to accept a judgment in excess of $75,000. Because the primary basis for Lumiere's argument that the amount in controversy satisfies § 1332(a) is Plaintiff's own prayers, the Court finds her stipulation that she will not seek such an amount is sufficient for the purposes of determining whether the case should be remanded.[6]

Accordingly, for the foregoing reasons,

---

[4]The Court notes that there is no prayer for punitive damages and no allegation that this case presents an exception to the American rule that "each litigant bears the expense of his own attorney's fees." **Monsanto Co. v. Garst Seed Co.**, 241 S.W.3d 401, 417 (Mo. Ct. App. 2007).

[5]Such a stipulation is not to be considered a requirement for a remand when the jurisdictional amount is in controversy. See **Gramc v. Millar Elevator Co./Schindler Enters.**, 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998) (holding a plaintiff's refusal to stipulate that the amount in controversy will not exceed the jurisdictional minimum does not establish the requisite amount in controversy).

[6]Plaintiff asks in her motion to remand for an award of attorney's fees and costs. Given that her prayers for damages satisfied the jurisdictional amount under § 1332(a), this request is denied.

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**. [Doc. 11] This matter shall be REMANDED to the Circuit Court of St. Louis City, Missouri, from which it was removed, for lack of subject matter jurisdiction.

An appropriate Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  13th  day of May, 2010.